UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NUMBER |
| **STEPHEN DOUGLAS ROGERS** <br> **JULIE KELLY ROGERS** | **07-11293** |
| DEBTORS | CHAPTER 13 |
| **STEPHEN DOUGLAS ROGERS** <br> **JULIE KELLY ROGERS** | ADV. NUMBER |
| | **08-1011** |
| PLAINTIFFS | |
| V. | |
| **B-REAL, L.L.C.** | |
| DEFENDANT | |

**MEMORANDUM OPINION**

Debtors Stephen and Julie Rogers sued B-Real, L.L.C. ("B-Real") to recover damages resulting from B-Real's filing of three time-barred proofs of claim. B-Real moved to dismiss the complaint for failure to state a claim upon which relief can be granted.

The complaint's second, fourth, and sixth claims for relief, and the damages requests in the first and third claims, fail to state a claim as a matter of law and will be dismissed. B-Real's motion to dismiss other claims in the complaint will be denied because those claims allege sufficient facts to state a claim for relief.

**Facts**

The debtors filed a chapter 13 petition on September 18, 2007, and the court confirmed their plan on February 19, 2008.

On January 14, 2008, defendant B-Real, L.L.C. ("B-Real") filed three proofs of claim as assignee of NCO Portfolio Management, Inc. ("NCO") (claim numbers 16, 17 and 18) for $145.00, $121.80 and $130.00, respectively. The original claimants were Sterling ER Physicians ("Sterling") (claims 16 and 17) and Arkansas EM-1 Gatewood ER Services ("Arkansas EM") (claim 18). No proof of the assignment of the claims to NCO, or thereafter to B-Real, accompanies any of the claims. The debtors' schedule F lists several debts for medical expenses, none of them to NCO, Sterling or Arkansas EM.

The debtors did not object to claims 16, 17 or 18. Rather, on January 29, 2008, they filed the complaint initiating this proceeding.

The plaintiffs allege among other facts that B-Real's proofs of claim are not supported by proper documentation and in any event are prescribed under Louisiana law.[1] The debtors further contend that B-Real, an experienced debt collector, engages in a pattern and practice of filing proofs of claim for time-barred debts. They point to eleven other bankruptcy cases in this court in which B-Real's claims were either disallowed or withdrawn upon the request of debtors' counsel.

## Allegations of Complaint

The first claim for relief in the debtors' complaint seeks disallowance of claims 16, 17 and 18 as prescribed, and seeks damages from B-Real under 11 U.S.C. §105 for the filing the claims.

---

[1] Liberative prescription is a civilian concept analogous to the common law statute of limitations. *See generally* La. Civ. Code art. 3492 *et seq*. B-Real conceded on the first page of its Reply to Plaintiffs' Objection (P-23) to B-Real's motion to dismiss that the three claims are prescribed.

The complaint's second claim for relief is for damages under Bankruptcy Code section 105 for B-Real's allegedly intentional failure to attach supporting documentation to any of the three claims, as Fed. R. Bankr. P. 3001 requires.

The third claim for relief again seeks disallowance of claims 16, 17 and 18 as prescribed, but also seeks judgment barring B-Real from amending the proofs of claim. It also prays for cancellation and discharge of the underlying debts, "whether or not the debtor receives a [sic] Order of Discharge in the chapter 13 case." Complaint, ¶37.

In fourth claim for relief of the complaint, the debtors seek damages under 11 U.S.C. §362 for B-Real's filing of the claims.

The fifth claim for relief seeks damages for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. §§1692d, 1692e and 1692f.[2] Plaintiffs contend that B-Real used false, deceptive, misleading, unfair and unconscionable means to collect a debt and that its actions constituted harassment and abuse.

The sixth claim for relief seeks damages for the same conduct under the Louisiana Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), La. R.S. 51:1401 *et seq*.

Finally, the debtors' prayer for relief includes a request that the court order B-Real to show cause why the filing of claims 16, 17 and 18 did not violate Fed. R. Bankr. P. 9011.

## Motion to Dismiss

B-Real moved to dismiss the debtors' complaint under Fed. R. Bankr. P. 7012(b)(6). It argues that:

---

[2] Section 1692d of title 15, United States Code, provides in relevant part that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692e bars debt collectors from use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt…." Section 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

(1) The debtors lack standing because the proper procedure for seeking relief was objecting to B-Real's claims under Fed. R. Bankr. P. 3007;

(2) B-Real's failure to comply with Fed. R. Bankr. P. 3001(c) means only that the claims are not entitled to *prima facie* validity, and therefore may be disallowed if appropriate under 11 U.S.C. §502(b)(1)-(9);

(3) The sole remedy under Louisiana law for filing a time-barred claim is dismissal of the claim (presumably meaning its disallowance in a bankruptcy), and that the debtors are not entitled to recover damages;

(4) Merely filing a proof of claim cannot be a violation of the automatic stay because Bankruptcy Code §501 specifically provides for filing claims;

(5) The FDCPA does not apply to the proof of claim process; and

(6) The United States Bankruptcy Code preempts state law, and therefore Louisiana consumer protection laws do not apply to the filing of a proof of claim in bankruptcy court.[3]

The court may not dismiss a complaint under Bankruptcy Rule 7012(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). It accepts the well-pled allegations of the complaint as true and views them in the light most favorable to the plaintiff. *Kane Enterprises v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

---

[3] B-Real's wide-ranging motion also argued that because the debtors' attorney would receive the $2500 attorney's fee customarily allowed to chapter 13 debtor's counsel in this district, any further fees and costs awarded to him in connection with these claims would be "double-dipping." Because this argument goes to the quantum of recoverable damages rather than to the validity of the debtors' claims, it is not ripe.

1. **Adversary Process and Standing**

    a. *Plaintiffs Properly Initiated an Adversary Proceeding*

B-Real cites Fed. R. Bankr. P. 3007 in support of its argument that the debtors lack standing to make their claims. B-Real argues that the proper method for seeking disallowance of claims 16, 17 and 18 was through the claims objection process and not through an adversary proceeding.[4]

Rule 3007 specifically states that "[i]f an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding." The debtors' request for damages in connection with most of the claims in their complaint falls neatly under Rule 3007. *See e.g. In re Moi*, 381 B.R. 770, 771-72 (Bankr. S.D. Cal. 2008) (complaint objecting to claim and seeking contempt damages properly was adversary proceeding); *In re Dean*, 359 B.R 218, 222 (Bankr. C.D. Ill. 2006) (action seeking damages for violation of automatic stay could be brought as adversary proceeding); *In re Irby*, 321 B.R. 468, 470-71 (Bankr. N.D. Ohio 2005) (debtor's claims for injunctive relief and punitive damages dismissed without prejudice, to be refiled as adversary proceeding under Rule 7001).

    b. *Plaintiffs Have Standing*

B-Real also contends that the plaintiffs lack standing to bring this action. It argues that the debtors have suffered no harm, and therefore have no standing, because under their confirmed plan nothing has been paid yet on the debts represented by unsecured claims 16, 17 and 18.

The debtors undeniably have standing to object to B-Real's claims. *See Adair v. Sherman*, 230 F.3d 890, 894 n.3 (7th Cir. 2000) (under 11 U.S.C. §502(a), a party in interest can

---

[4] Actually, whether debtors initiated an adversary proceeding to deal with the claims is not an issue of standing.

object to a claim and this includes, "not only the debtor, but anyone who has a legally protected interest that could be affected by a bankruptcy proceeding").

Moreover, as to the plaintiffs' demand for relief under the FDCPA, the FDCPA does not require proof of actual damages as a condition to the recovery of statutory damages. *See Keele v. Wexler*, 149 F.3d 589, 593-34 (7th Cir. 1998), citing *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir.1997). *See also Baker v. G.C. Services Corp.*, *677* F.2d 775, 781 (9th Cir.1982) ("[S]tatutory damages are available without proof of actual damages" under the FDCPA). In other words, the FDCPA "is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not." *Keele*, 149 F.3d at 593-34.

A determination of the plaintiffs' standing to make the other claims is unnecessary because of the court's ruling on those aspects of B-Real's motion.

### 2. Debtors Have No Private Right of Action under 11 U.S.C. §105 for a Creditor's Failure to Comply with Bankruptcy Rule 3001

B-Real urges the court to dismiss the complaint's second claim because debtors are not entitled to recover damages when a creditor fails to attach documentation to its proof of claim. B-Real failed to attach to the proofs of claim documentation regarding the underlying debts, as well as evidence of the assignment of the claims to B-Real.

The claimant has the initial burden of alleging facts to support a proof of claim. Bankruptcy Rule 3001(a) requires the creditor to file a written statement that sets forth the claim substantially conforming to the form prescribed by the Judicial Conference of the United States, Official Form B10.[5] For a claim based on writing, Bankruptcy Rule 3001(c) directs the claimant to file with the claim the original or a duplicate of the writing on which the claim is based.

---

[5] *See* Fed. R. Bankr. P. 9009.

A proof of claim executed and filed in accordance with the Bankruptcy Rules, and specifically Rule 3001 (and by implication Official Form B10), is *prima facie* evidence of the claim's validity and amount. Fed. R. Bankr. P. 3001(f).

Failure to attach supporting documentation to a proof of claim when the bankruptcy rules require it is not grounds for disallowing the claim. Claims may be disallowed solely on grounds set forth in 11 U.S.C. §502(b). *See e.g. In re Kirkland*, 379 B.R. 341, 354 (B.A.P. 10th Cir. 2007); *In re Dove-Nation*, 318 B.R. 147, 152 (B.A.P. 8th Cir. 2004); *In re Kincaid*, 2008 WL 2278895, *2 (Bankr. E.D. Pa. June 2, 2008); and *In re Burkett*, 329 B.R. 820, 828 n.2 (Bankr. S.D. Ohio 2005) (collecting cases). A proof of claim lacking necessary facts or supporting documents simply is not entitled to a presumption of *prima facie* validity. *Kincaid*, 2008 WL 2278895 at *2, citing *In re Heath,* 331 B.R. 424, 433 (B.A.P. 9th Cir. 2005); *Dove-Nation,* 318 B.R. at 152; *In re Moreno,* 341 B.R. 813, 817 (Bankr. S.D. Fla. 2006); *In re Shank,* 315 B.R. 799, 810 (Bankr. N.D. Ga. 2004) *(quoting In re Stoecker,* 5 F.3d 1022, 1028 (7th Cir. 1993)).

Consequently, at most B-Real loses the presumption that its proofs of claim are valid *prima facie* and takes on the burden of proving that the claims are valid. If it fails to do so, the claims may be disallowed. As a result, B-Real's motion to dismiss the parts of the complaint demanding disallowance of the claims fails. That does not conclude the analysis, however.

The debtors also allege that B-Real's failure to comply with Rule 3001 was intentional and was part of a normal pattern. Complaint, ¶30. They urge the court to award damages under 11 U.S.C. §105(a) for the alleged misconduct. The remaining issue thus is whether on the facts plaintiffs allege they have a private right of action against B-Real under 11 U.S.C. §105.

Bankruptcy Code section 105(a) empowers bankruptcy courts to issue any orders or judgments necessary or appropriate to carry out provisions of the Bankruptcy Code. However,

section 105(a) does not empower courts to create or recognize a private right of action if another Bankruptcy Code provision does not create substantive relief.[6] *See In re Joubert*, 411 F.3d 452, 455 (3d Cir. 2005) (section 105(a) cannot be used to imply a private remedy for a debtor harmed as a result of the mortgagee's improperly charging fees in violation of 11 U.S.C. §506(b)); *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 509 n.3 (9th Cir. 2003) ("If Congress had understood § 105 as permitting a private cause of action, the 1984 amendment creating one for violations of § 362 would have been superfluous"); *Pertuso v. Ford Motor Credit*, 233 F.3d 417, 421-22 (6th Cir. 2000) (declining to find private right of action under §524 either directly or through §105(a) for post-discharge injunction violation). Several courts specifically have concluded that section 105 does not provide a private right of action for damages for filing a false proof of claim. *See In re Kmart Corp.*, 2006 WL 952042 at*16 (Bankr. N.D. Ill. 2006); *In re Yancey*, 301 B.R. 861, 868-69 (Bankr. W.D. Tenn. 2003); *In re Knox*, 237 B.R. 687, 699-700 (Bankr. N.D. Ill. 1999); *In re Simmons*, 237 B.R. 672, 674 (Bankr. N.D. Ill. 1999).

These cases are persuasive and support the conclusion that as a matter of law, the debtors do not have a private right of action under section 105 against B-Real for filing proofs of claim for time-barred debts.

This conclusion does not leave debtors without a remedy. Bankruptcy Rule 9011 can be used to sanction a creditor that files a proof of claim without proper prefiling investigation and support, or that otherwise violates Rule 9011. *See In re Cassell*, 254 B.R. 687, 691 (B.A.P. 6th Cir. 2000); *In re Wingerter*, 376 B.R. 221, 224 (Bankr. N.D. Ohio 2007); *In re Dansereau,* 274 B.R. 686, 688-89 (Bankr. W.D. Tex. 2002); *In re Knox*, 237 B.R. 687 at 697; *In re McAllister,*

---

[6] *See e.g.* 11 U.S.C. §362(k), empowering bankruptcy courts to award damages for certain willful violations of the automatic stay.

123 B.R. 393, 395 (Bankr. D. Or. 1991); *In re Hamilton*, 104 B.R. 525, 527 (Bankr. M.D. Ga. 1989). The debtors specifically referred to Rule 9011 sanctions in the prayer of their complaint.

The court will dismiss the second claim in the complaint for failing to state a claim upon which relief can be granted.

> 3. **Plaintiffs have No Damage Claim under 11 U.S.C. §105 for B-Real's Filing of Prescribed Claims**

In the first and third claims for relief in their complaint, the debtors object to claims 16, 17 and 18 based on prescription under Louisiana law. They seek disallowance of these claims and damages under 11 U.S.C. §105 for the allegedly false claims, and other non-monetary relief.[7]

The parties agree that Louisiana Civil Code article 3494 bars after three years any action "for the recovery of compensation for services rendered" or an action "on an open account." B-Real argues that Louisiana law does not provide for damages for filing actions on prescribed claims and that the sole remedy for filing a time-barred claim is dismissal of a lawsuit asserting those claims (and by analogy in bankruptcy, disallowance of the creditor's claims).

The court adopts without repetition its analysis of the plaintiffs' claims for damages under Fed. R. Bankr. P. 3001 and 11 U.S.C. §105, on which it relies to hold that plaintiffs have no private right of action under 11 U.S.C. §105 to recover damages from B-Real for filing prescribed claims.

However, B-Real's position is incorrect in one respect: Louisiana courts indeed have penalized creditors for pursuing prescribed claims. For example, in *Bracken v. Payne and Keller Company, Inc.*, 970 So.2d 582, 590-91 (La. App. 1st Cir. 2007) and *Dubois v. Brown*, 818 So.2d

---

[7] The complaint's third claim for relief also contains the debtors' request that the court prohibit B-Real from amending or modifying the claims, and cancel and discharge the underlying debts, even though the debtors have not received a discharge. It has cited no authority to support this remarkable relief, but because B-Real did not challenge it, the court will not address the claims at this point.

864, 866-67 (La. App. 1st Cir. 2002), state courts imposed sanctions on parties that filed prescribed actions. The authority on which the state courts relied was Louisiana Code of Civil Procedure article 863, the Louisiana equivalent of Rule 9011. That rule provides for the imposition of reasonable expenses and attorney's fees upon a party or attorney who signs a pleading that was filed without reasonable inquiry to determine that the pleading —

> is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

La. Code Civ. P. art. 863(B).

However, article 863 of the Louisiana Code of Civil Procedure is inapplicable here because it is a state procedural measure. *See Maryland Casualty Co. v. Williams*, 377 F.2d 389, 393 n.1 (5th Cir. 1967) (federal court applies state substantive law where relevant, but its own rules of procedure). Thus, it provides no basis for concluding that Louisiana state substantive law confers a private right of action on the facts plaintiffs have alleged.

The first and third claims for relief do not state a claim upon which relief can be granted insofar as they allege claims for damages for filing time-barred claims. They will be dismissed.

### 4. Filing a Proof of Claim Does Not Violate 11 U.S.C. §362

B-Real also seeks dismissal of plaintiffs' demand for damages under 11 U.S.C. §362 for the filing of claims 16, 17 and 18. It contends that merely filing a proof of claim does not violate the automatic stay.

Bankruptcy Code section 501 specifically permits creditors to file proofs of claim. "[T]he filing of a Proof of Claim before a bankruptcy court . . . is the logical equivalent of a request for relief from the automatic stay, which cannot in itself constitute a violation of the stay . . . ." *In re Sammon*, 253 B.R. 672, 681 (Bankr. D.S.C. 2000). Other courts considering the

issue have reached a similar conclusion. *See e.g. U. S. v. Inslaw, Inc.,* 932 F.2d 1467 (D.C. Cir. 1991) ("For obvious reasons . . . courts have recognized that § 362(a) cannot stay actions specifically authorized elsewhere in the bankruptcy code"); *In re Surprise*, 342 B.R. 119, 122 (Bankr. N.D.N.Y. 2006) (concurring with *Sammon*); *In re Sims*, 278 B.R. 457, 472 (Bankr. E.D. Tenn. 2002) (accord); *In re I.C.H. Corp.,* 219 B.R. 176, 190 (Bankr. N.D. Tex. 1998), *rev'd on other grounds,* 230 B.R. 88 (N.D. Tex. 1999) ("The automatic stay is not applicable to assertion of a claim in a proof of claim filed in a Bankruptcy Court"). *See also In re Nelson,* 234 B.R. 528, 534 (Bankr. M.D. Fla. 1999) ("The contention that the exercise of a mandated statutory right under the Bankruptcy Code [such as the filing of a nondischargeability complaint] is a violation of the automatic stay is almost as absurd as a contention that any creditor who files a proof of claim in bankruptcy violated the automatic stay").

The complaint's fourth claim for relief will be dismissed for failing to state a claim upon which relief can be granted.

**5. The Bankruptcy Court Claims Process Does Not Supplant the FDCPA**

The debtors allege in their fifth claim for relief that B-Real's actions were false, deceptive, misleading, unfair and unconscionable, and violated the FDCPA, 15 U.S.C. §1692 *et seq*. More specifically, the debtors claim that B-Real's practice of filing prescribed claims without proper supporting documentation violates FDCPA sections 1692d, 1692e and 1692f.

B-Real moves to dismiss the fifth claim on the grounds that the Bankruptcy Code supercedes the FDCPA and the debtors' remedies lie only in the Bankruptcy Code.

The Fifth Circuit has not ruled on this specific issue, and the only two circuit courts of appeal that have considered it disagree on whether actions under both the Bankruptcy Code and the FDCPA can co-exist.

The Ninth Circuit held in *Walls v. Wells Fargo*, 276 F.3d 502 (9th Cir. 2002) that a debtor may not maintain simultaneous actions under both 11 U.S.C. §105 and the FDCPA. The court wrote that the debtor's FDCPA claim was actually an action for sanctions under Bankruptcy Code §105 for the creditor's alleged violation of the 11 U.S.C. §524 discharge injunction. *Id*. at 510. As a result, the debtor/plaintiff's sole remedy was under the Bankruptcy Code, and the debtor could not "circumvent the remedial scheme of the Code" by suing the creditor under the FDCPA. *Id*.

A different analysis in *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004) led the court to conclude that a debtor could make an FDCPA claim for a creditor's alleged violations of the discharge injunction. The Seventh Circuit decided that although the Bankruptcy Code and the FDCPA may overlap, the Bankruptcy Code did not repeal the FDCPA. Thus, it reasoned that a debtor can bring an action against a creditor under both provisions. The court declared that "[o]ne federal statute does not preempt another," but that one of two federal statutes addressing the same subject implicitly can repeal the other if there is an "irreconcilable conflict between the statutes or a clear expressed legislative decision that one replace the other." *Id.* at 730. *Randolph* held that a debtor could seek to enforce both title 11's provision penalizing intentional violations of the automatic stay and the FDCPA, concluding that the "operational differences" between the two schemes were not irreconcilable.

Reported decisions from several lower courts considering whether a debtor can seek relief under the FDCPA specifically in connection with the filing of a proof of claim in a bankruptcy proceeding, including Seventh Circuit jurisprudence preceding *Randolph*, have concluded a debtor cannot seek relief under the FDCPA for creditors' actions relating to their bankruptcy cases. *See Adair v. Sherman*, 230 F.3d 890, 895-96 (7th Cir. 2000) (FDCPA not

proper vehicle for challenging allegedly inflated proof of claim); *Kaiser v. Braje & Nelson, LLP*, 2006 WL 1285143 at *6,7 (Bankr. N.D. Ind. 2006) (once a debtor is in bankruptcy court, the Bankruptcy Code provides the remedies for matters connected with the case); *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC*, 1999 WL 284788 at *4-6 (N.D. Ill. 1999) (FDCPA claim cannot be based on proof of claim filed in dismissed bankruptcy case); *Gray-Mapp v. Sherman*, 100 F.Supp.2d 810, 813-14 (N.D. Ill. 1999) ("nothing in the FDCPA suggests that it is intended as an overlay to the protections already in place in the bankruptcy proceedings"); *In re Gilliland*, 386 B.R. 622, 623 (Bankr. N.D. Miss. 2008) (debtor's action for violation of discharge injunction by filing proof of claim could not form basis of FDCPA action); *In re Rice-Etherly*, 336 B.R. 308, 312-13 (Bankr. E.D. Mich. 2006) (agreeing with *Baldwin)*; *In re Cooper*, 253 B.R. 286, 291 (Bankr. N.D. Fla. 2000) (debtor could only attack a proof of claim using the remedies of the Bankruptcy Code). *But see Dougherty v. Wells Fargo Home Loans, Inc.*, 425 F. Supp. 2d 599, 605-6 (E.D. Pa. 2006) (FDCPA claim based on post-petition, post-confirmation acts by creditor were not precluded by the Bankruptcy Code); *Peeples v. Blatt*, 2001 WL 921731 at *3-4 (N.D. Ill. 2001) (no preclusion of FDCPA by Bankruptcy Code); *Molloy v. Primus Auto Financial Services*, 247 B.R. 804, 820-21 (C.D. Cal. 2000) (accord).

Most of the opinions concluding that the Bankruptcy Code precludes an action under the FDCPA pre-date *Randolph*. The others are either factually distinguishable or based on limited reasoning.[8] The thoughtful analysis of *Randolph*, on the other hand, is persuasive, and supports the conclusion that debtors may urge a FDCPA claim for alleged actions of B-Real in connection with their bankruptcy case. Based on the allegations of the debtors' complaint, it is not possible

---

[8] Neither *Kaiser* nor *Rice-Etherly* mentions *Randolph*. Also, the debtor in *Rice-Etherly* had not objected to the claim that was the subject of the FDCPA claim. The *Gilliland* debtor alleged that creditors had violated the discharge injunction by filing proofs of claim but did not attack the validity of the claims themselves, which the creditors withdrew only after the debtor sued them.

to conclude on a motion to dismiss that the debtors cannot prove facts entitling them to relief under the FDCPA.[9]

### 6. The Louisiana Unfair Trade Practices Laws Do Not Apply to the Proof of Claim Process

B-Real urges the court to dismiss the debtors' claim for violation of the Louisiana UTPCPL, La. R.S. 51:1401 *et seq.* It argues that the Bankruptcy Code preempts the UTPCPL and bars the debtors' suit against B-Real for relief on these facts.

UTPCPL section 1405 prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce . . . ." Section 1409 confers upon an individual who has lost money or property as a result of the proscribed acts to bring a private right of action to recover damages, including attorney's fees and costs.

The debtors have an action against B-Real under La. R.S. 51:1409 only if the unfair or deceptive acts complained of occurred "in the conduct of trade or commerce." The UTPCPL defines "trade" or "commerce" as "the advertising, offering for sale, sale, or distribution of any services and any property . . . ." La. R.S. 51:1402(9).[10]

Filing a proof of claim in a bankruptcy case cannot reasonably be construed as advertising, selling or distributing services or property within the meaning of section 1402(9). Because B-Real's mere filing of the prescribed claims in the debtors' bankruptcy was not trade or commerce under the UTPCPL, on the basis of the allegations in the complaint it is not unlawful under La. R.S. 51:1405. Accordingly, the complaint's sixth claim for relief fails to state a claim upon which relief can be granted.

---

[9] This ruling specifically does not reach the issue of whether the FDCPA applies to B-Real, in light of the plaintiffs' repeated allegations that B-Real is a debt collector. *See* 15 U.S.C. §1692a.

[10] Apparently questions concerning the bounds of activity constituting "trade" or "commerce" under the UTPCPL have not stirred great controversy in Louisiana state courts, since research produced only one decision construing the term. In *Webb v. Theriot*, 704 So.2d 1211, 1215 (La. App. 3d Cir. 1997), the court concluded that the lease and sublease of a hunting camp was not "trade" or "commerce" within the meaning of the UTPCPL.

## Conclusion

The court will dismiss the complaint's second, fourth and sixth claims for relief in their entirety. The court will also dismiss the complaint's first and third claims for relief insofar as those claims seek damages.

B-Real's motion to dismiss all other claims of the complaint is denied.

Baton Rouge, Louisiana, July 21, 2008.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE